UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

RICHARD J. HELLER,

                              Plaintiff,

v.                                                       3:05-CV-0122
                                                            (LEK/GHL)

COMMISSIONER OF SOCIAL SECURITY,

                              Defendant.
_____

APPEARANCES:                                      OF COUNSEL:

RICHARD J. HELLER
Plaintiff *pro se*
P.O. Box 181
Canton, New York 13617

HON. GLENN T. SUDDABY                      WILLIAM H. PEASE, ESQ.
United States Attorney for the                     Assistant United States Attorney
  Northern District of New York
*Counsel for Defendant*
P.O. Box 7198
100 S. Clinton Street
Syracuse, New York 13261-7198

GEORGE H. LOWE, United States Magistrate Judge

## REPORT AND RECOMMENDATION

      This matter was referred to the undersigned for report and recommendation by the Honorable Lawrence E. Kahn, Senior United States District Judge, pursuant to 28 U.S.C. § 636(b) and Northern District of New York Local Rule 72.3. Defendant moves to dismiss the Complaint. (Dkt. No. 8.)  Plaintiff opposes the motion.  (Dkt. No. 10.)  Because I find that Plaintiff does not have standing to bring this action, I recommend that Defendant's Motion to Dismiss be granted.

I.      **PROCEDURAL HISTORY**

Plaintiff filed an application for disability benefits in 1977, which was granted due to Plaintiff's disabling condition of cervical spondylosis with myelopathy. (Administrative Transcript ("T") at 10.) In 1980, it was determined that Plaintiff's period of disability had ceased. (T. at 10.) Plaintiff appealed that determination. (T. at 10.) After a hearing, it was determined that Plaintiff's period of disability had not ceased and that Plaintiff was entitled to continue receiving disability benefits. (T. at 10.)

In 1996, it was again determined that Plaintiff's period of disability had ceased. (T. at 10.) Plaintiff requested reconsideration. (T. at 10.) Upon reconsideration, it was determined that Plaintiff continued to be entitled to disability benefits due to Listing-level psychosis. (T. at 10.) Plaintiff requested a hearing, alleging that he continued to be disabled due to physical problems rather than a mental impairment. (T. at 10.) After a hearing, it was determined that Plaintiff's disability continued due to a Listing-level mental impairment. (T. at 10.)

Plaintiff filed a request for review, arguing that he was disabled due to a physical rather than a mental impairment and that he had not been given an opportunity to appear and submit evidence at the hearing. (T. at 11.) The Appeals Council granted the request for review and remanded with directions for an Administrative Law Judge ("ALJ") to offer Plaintiff the opportunity to appear at a hearing. (T. at 11.)

The hearing was held on January 31, 2002. The ALJ heard testimony from Plaintiff and accepted further evidence that Plaintiff proffered. (T. at 16-51.) On May 13, 2002, the ALJ issued a fully favorable decision finding that although Plaintiff does not suffer from a Listing-level impairment, his ability to perform light work is diminished by his limitations on reaching

with his left arm, concentrating, interacting with coworkers, responding appropriately to supervision, and dealing with work stress.  (T. at 14.)  The ALJ found that Plaintiff's limitations preclude him from working and concluded that Plaintiff continues to be eligible for disability benefits.  (T. at 14-15.)

Plaintiff filed a request for review, arguing that the ALJ denied him his right to submit further evidence and testimony and that he "never filed for a mental disability."  (T. at 89-97.)  The ALJ's decision became the final decision of the Commissioner when the Appeals Council denied Plaintiff's request for review on December 1, 2004. (T. at 2-4.)

Plaintiff filed his Complaint in this Court on January 31, 2005.  (Dkt. No. 1.)

**II.    DISCUSSION**

Defendant argues that Plaintiff does not have standing to bring this action.

Under 42 U.S.C. § 405(g), "(a)ny individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party ... may obtain a review of such decision by a civil action."  Although the statute does not explicitly limit review to unfavorable decisions, Second Circuit precedent holds that the statute "assumes as a condition for judicial review that the determination by the (Commissioner) ... will be adverse to the claimant of benefits.  It makes no provision for judicial review of a determination favorable to the complainant."  *Jones v. Califano*, 576 F.2d 12, 18 (2d Cir. 1978).  *See also Buck v. Secretary*, 923 F.2d 1200, 1203 (6th Cir. 1991) ("The claimant has no standing to appeal a fully favorable decision."); *Wheeler v. Hacker*, 719 F.2d 595, 600 (referring to the "rule that judicial review of favorable decisions is generally unavailable.").  The only exception to this general  rule is in the extraordinary circumstance that the Commissioner, acting under a policy applicable to a group of

claimants, consistently refuses to implement Appeals Council decisions favorable to that group of claimants. *Jones*, 576 F.2d at 18-21. Plaintiff has not alleged that he is part of such a group. Accordingly, he does not have standing to challenge the Commissioner's fully favorable decision.

     **WHEREFORE,** it is hereby

     **RECOMMENDED** that Defendant's Motion to Dismiss (Dkt. No. 8) be granted.

Pursuant to 28 U.S.C. § 636(b)(1), the parties have ten days within which to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN TEN DAYS WILL PRECLUDE APPELLATE REVIEW.** *Roldan v. Racette*, 984 F.2d 85 (2d Cir. 1993) (citing *Small v. Secretary of Health and Human Services*, 892 F.2d 15 (2d Cir. 1989)); 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72, 6(a), 6(e).

Dated: November 5, 2007
       Syracuse, New York

*[signature]*
George H. Lowe
United States Magistrate Judge